IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                           PLAINTIFF

VS.                         CASE NO. 5:21-CR-50035-001 TLB

DERRICK HAYNES                                                                     DEFENDANT

**ORDER**

Before the Court for consideration is Defendant's Letter/Motion dated June 20, 2024 and filed on June 28, 2024. (ECF No. 28). Defendant – who was sentenced by U.S. District Judge Timothy L. Brooks on November 3, 2021 – seeks copies of the docket sheet, sentencing memorandums and sentencing transcripts. The Motion will be **granted in part, and denied in part**.

(a)   With respect to Defendant's request for a copy of the docket sheet, the request is **granted, and the Clerk of Court is directed to mail a copy of the docket sheet** to Defendant at FCI Pollock.

(b)   With respect to Defendant's request for sentencing memorandums, the Court does not see that any such memoranda were filed, and thus, this request will be **denied.**

(c)   With respect to Defendant's request for sentencing transcripts, the undersigned presumes Defendant remains indigent as he was determined to be on June 24, 2021, and has been incarcerated on charges in this case since on or before June 9, 2021; Defendant remains in the custody of the Bureau of Prisons. In limited circumstances, indigent defendants may obtain court transcripts free of charge to challenge their convictions and sentences under 28 U.S.C. § 2255:

Fees for transcripts furnished in proceedings brought under section 2255 of this title

1

>to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

Section 753(f) is not implicated unless the defendant has filed an appeal or a habeas corpus petition. *See United States v. Barnett,* 389 F. App'x 575, 575 (8th Cir. 2010) (per curiam); *United States v. Burns,* 2019 WL 4440093, at *1 (D. Minn. Sept. 17, 2019). The Supreme Court has upheld the constitutionality of § 753(f) as "a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction." *United States v. Lewis,* 605 F.2d 379, 379 (8th Cir. 1979) (per curiam) (citing United *States v. MacCollom*, 426 U.S. 317 (1976)).

As noted above, Defendant appeared for sentencing before Judge Brooks on November 3, 2021, and Defendant's Judgment was filed on November 5, 2021. (ECF Nos. 25, 26). A notice of appeal was never filed and thus, Defendant's sentencing hearing was never transcribed by the court reporter; no transcript has yet been created. Due to the passage of time, it appears Defendant cannot now file a direct appeal of his conviction and/or sentence.

As of the date of this Order, Defendant has not sought habeas relief. Should Defendant file a habeas petition, he would need to establish that his case is timely, not frivolous and that the sentencing transcripts are needed to decide the issue(s) presented in the habeas corpus petition. *Chapman v. United States*, 55 F.3d 390, 390–91 (8th Cir. 1995) (per curiam); *United States v. Losing,* 601 F.2d 351, 352 (8th Cir. 1979) (per curiam). Because Defendant has not filed a habeas corpus petition, this Court cannot preemptively determine whether his petition would be timely, non-frivolous or whether transcripts required to decide any issues presented by such a theoretical petition.

To the extent Defendant continues to seek the sentencing transcript for a reason other than to file a habeas corpus petition, Defendant's Letter/ Motion offers no reason for his request and thus, has neither shown sufficient need for a sentencing transcript nor identified any legal basis why he needs his sentencing transcript.  *See United States v. Casteel,* 2014 WL 12935634, at *3 (S.D. Iowa May 28, 2014) (denying defendant's motion for transcripts because there was no pending action under § 2255 or any other legal basis on which to grant the defendant's motion); *see also United States v. Slaughter*, 2011 WL 13141448, at * 1 (D. Minn. May 31, 2011) (cleaned up) (quoting *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964)).  For these reasons, Defendant's request for sentencing transcripts is premature and will be **denied.**

**IT IS THEREFORE ORDERED AND ADJUDGED THAT** Defendant's Letter/Motion (ECF No. 31), be **GRANTED in part (docket sheet)**, and **DENIED in part (sentencing memorandum and sentencing transcripts)** as provided herein.

**IT IS SO ORDERED** this 2nd day of July 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE